[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION T0 STRIKE (#112)
Before the court is the defendants' motion to strike counts three and four of the plaintiffs' complaint on the grounds (1) that Connecticut does not recognize bystander emotional distress in the context of a medical malpractice action, and (2) that, even if such a cause of action is cognizable, it has not been pleaded adequately here.
 I. BACKGROUND
The plaintiffs in the present case are Michelle and Jeffrey Clark, as parents and next friends of Jonathan Emory Clark, and Michelle and Jeffrey Clark, individually. The present action is filed against the defendants, New Britain General Hospital and Antoinetta Capriglione, the chief of pediatrics for New Britain General Hospital. The plaintiffs' second amended complaint alleges the following facts. Jonathan Emory Clark[1]
was born to Michelle and Jeffrey Clark on July 16, 1997, at New Britain General Hospital (the hospital) and was admitted. On July 18, 1997, the child underwent a circumcision procedure performed by Thomas G. Ward, a pediatrician who had privileges to perform such procedures at the hospital. While using a Mogen clamp to perform the procedure, Ward amputated a major portion of the child's glans penis, including the urethra. The plaintiffs further allege that although Ward was granted CT Page 9146 privileges to perform neonatal circumcisions, neither of the defendants trained or evaluated Ward in the use of the Mogen clamp as required by the hospital's bylaws. The plaintiffs allege the defendants' failure to abide by their bylaws in granting privileges to Ward to perform neonatal circumcisions resulted in the plaintiffs' emotional injuries and losses.
The plaintiffs filed their second amended complaint on August 16, 1999. Counts one and two allege statutory negligence and common law negligence, respectively, against the defendants on behalf of the child. Counts three and four allege negligent infliction of emotional distress against the defendants by Jeffrey and Michelle Clark, respectively. On October 28, 1999, the defendants filed a motion to strike counts three and four along with a supporting memorandum of law. The plaintiffs timely filed an objection. The court heard oral argument on April 16, 2001, and now issues this memorandum of decision.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v. FeldsparCorp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
 III. DISCUSSION
The defendants move to strike counts three and four of the plaintiffs' complaint on the ground that it fails to state a claim for bystander emotional distress. The defendants argue that Connecticut does not recognize a cause of action for bystander emotional distress in the context of a medical malpractice action. They further argue that, even if the court was to recognize a cause of action for bystander emotional CT Page 9147 distress in the present case, the plaintiffs failed to allege a contemporary sensory perception, as required under the rule set forth inClohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996). The plaintiffs argue, to the contrary, that counts three and four allege simple negligence, not medical malpractice, and do not sound in bystander emotional distress, but rather in negligent infliction of emotional distress perpetrated upon them directly.
"A cause of action for negligent infliction of emotional distress . . . requires that the facts alleged by the [pleader] demonstrate the elements necessary to establish negligence." (Internal quotation marks omitted.) National Loan Investors v. Reale, Superior Court, judicial district of Hartford at Hartford, Docket No. 577024 (December 3, 1998,Freed, J.) (23 Conn.L.Rptr. 454, 457). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 566, 707 A.2d 15
(1998). The plaintiffs must also sufficiently allege that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. . . ." (Internal quotation marks omitted.) Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 713,746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000).
The plaintiffs allege that the defendants owed them a duty to abide by the hospital bylaws; (see Amended Complaint, counts three and four, ¶¶ 14, 23, 24); and that the defendants breached that duty by granting Ward privileges to perform neonatal circumcisions without following the evaluation format set forth in those guidelines. (See Amended Complaint, counts three and four, ¶ 15.) They further allege that their emotional injuries and losses "were proximately and foreseeably caused" by the defendants' negligence. (Amended Complaint, counts three and four, ¶ 26.) The plaintiffs allege they suffer emotional distress and harm as a result. (See Amended Complaint, counts three and four, ¶¶ 27, 28).
Viewing the plaintiffs' allegations in a light most favorable to sustaining the amended complaint, the court finds that the allegations of the amended complaint do not invoke bystander emotional distress, but rather negligent infliction of emotional distress.[2] Accordingly, the court denies the defendants' motion to strike, which, as stated above, is based only on the grounds (1) that Connecticut does not recognize a cause of action based on bystander emotional distress in a medical malpractice context, and (2) even if such a cause of action is cognizable, it has not been pleaded adequately here. It is so ordered. CT Page 9148
BY THE COURT
 ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT